UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| WILLIAM FLETCHER,<br><br>    Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>    Respondent. | Case No. 1:15-cv-00166-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner William Fletcher, challenging his state court conviction of injury to a child. (Dkt. 53.) Respondent has filed a Motion for Partial Summary Dismissal (Dkt. 61), which is now ripe for adjudication. Also pending are several motions filed by Petitioner, including a Request for an Evidentiary Hearing. (Dkt. 68; *see also* Dkts. 56 & 71.)

  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 25.) Having carefully reviewed the record, including the state court record, the Court finds

**MEMORANDUM DECISION AND ORDER - 1**

that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court enters the following Order granting the Motion and dismissing with prejudice all of Petitioner's claims with the exception of Claim 4(e).

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 13, 55.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner entered an *Alford* plea[1] to one count of felony injury to a child, in violation of Idaho Code § 18-1501(1) (Dkt. 53 at 1-2; State's Lodging C-6 at 1.) He was sentenced to a unified term of ten years in prison with three years fixed, and the trial court retained jurisdiction. (State's Lodging A-1 at 91-93; B-4 at 1-2.) After the period of retained jurisdiction ended, the trial court relinquished jurisdiction and implemented Petitioner's underlying sentence. (State's Lodging A-1 at 107-08.) The trial court also denied Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35. (*Id.* at 138-41.)

On direct appeal, Petitioner argued that the trial court abused its discretion (1) in sentencing Petitioner and (2) denying Petitioner's motion for reduction of sentence under

---

[1] An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER - 2**

Idaho Criminal Rule 35. (State's Lodging B-1; B-3.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's lodging B-4; B-6.)

Petitioner filed a petition for state post-conviction relief, asserting the following claims: (1) Petitioner's trial counsel rendered ineffective assistance by failing to conduct an adequate investigation and by failing to negotiate a misdemeanor plea agreement; (2) Petitioner's sentence was disproportionate; and (3) Petitioner's *Alford* plea was not knowing and voluntary because his counsel told Petitioner that he would receive a life sentence if he did not plead guilty. (State's Lodging C-1 at 1-18, 92.) The state district court denied Petitioner's motion for appointment of counsel and dismissed the post-conviction petition. (State's Lodging C-1 at 91-95, 124-28.)

Petitioner appealed, arguing only that his plea was not knowing, voluntary, and intelligent because trial counsel "intimated to him that local racial prejudice would make trying to put on a defense a futile gesture, even though [Petitioner] claimed he was innocent." (State's Lodging C-2 at 8; *see also* State's Lodging C-5.) The Idaho Court of Appeals affirmed the trial court, and the Idaho Supreme Court denied review. (State's Lodging C-6; C-8.)

Petitioner filed several other motions in his criminal case, including two motions for reconsideration of the denial of his first Rule 35 motion and to withdraw his plea, as well as numerous additional Rule 35 motions. (State's Lodging E-1 at 9-12, 19-24, 28-30, 34-36, 152-57.) The trial court denied these motions. (*Id.* at 16-17, 25-26, 31-32, 97-98, 146-47, 149-50, 158-59.) Petitioner appealed, but his appeal was later dismissed for

**MEMORANDUM DECISION AND ORDER - 3**

failure to pay the fee for preparation of the record. (*Id*. at 103-05; State's Lodging D-1; D-2; D-3.)

Petitioner then filed more motions for reduction of sentence and to withdraw his plea, which the trial court denied. (State's Lodging E-1 at 162-69, 181-82, 184-87, 189-93.) Petitioner appealed the denial of these motions, asserting that his request to withdraw his plea should have been granted and that his sentence was illegal. (*See generally* State's Lodging F-1; F-4 at 2-3.) The Idaho Court of Appeals turned down the most recent of Petitioner's arguments regarding his guilty plea because, under Idaho law, a trial court lacks jurisdiction to permit withdrawal of a plea after the judgment "has become final by virtue of its affirmance on appeal." (State's Lodging F-4 at 2.) The state appellate court also held that Petitioner's sentence was legal on its face and that his remaining arguments with respect to his sentence were "beyond the scope of a Rule 35 motion." (*Id*. at 3.) Petitioner did not seek review in the Idaho Supreme Court, and the Idaho Court of Appeals issued its remittitur. (State's Lodging F-5.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

> Claim 1: The state breached the plea agreement in violation of the Due Process Clause.
>
> Claim 2: Petitioner was never given *Miranda* warnings in violation of the Fifth Amendment.
>
> Claim 3: Petitioner's due process rights were violated when an Ada County Sheriff's Deputy used excessive force against Petitioner on multiple occasions, filed a

**MEMORANDUM DECISION AND ORDER - 4**

|   |   |
|---|---|
|   | false disciplinary report against Petitioner, and punished Petitioner for his complaints and grievances. |
| Claim 4: | Petitioner was denied the effective assistance of counsel, in violation of the Sixth Amendment, based on trial counsel's (a) failing to assert a speedy trial violation, (b) failing to assert a Fifth Amendment, (c) failing to conduct adequate research, (d) failing to assert a due process violation, and (e) informing Petitioner that "local racial prejudice would make trying to put on a defense a futile gesture," thereby rendering Petitioner's plea involuntary and unknowing. |
| Claim 5: | Petitioner's rights were violated because the statute under which Petitioner was convicted, Idaho Code § 18-1501(1), "does not fit criteria of a felony but a misdemeanor." |
| Claim 6: | Petitioner's right to be free from discrimination was violated when the government has continuously denied him parole. |

(*See* Dkt. 53 at 6-12.)

The Court previously reviewed the Petition and allowed Petitioner to proceed to the extent such claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 54 at 1-2.) Respondent now argues that all claims other than Claim 4(e) are procedurally defaulted and several others are not cognizable in federal habeas corpus proceedings. (Dkt. 61-1.)

**MEMORANDUM DECISION AND ORDER - 5**

## DISCUSSION

1. **Petitioner's Request for an Evidentiary Hearing**

In the Request for Evidentiary Hearing, Petitioner argues the merits of his claims. (Dkt. 68.) However, his request for a hearing is premature, as the Court is considering only whether some of the claims are cognizable or procedurally defaulted. Further, claims adjudicated on the merits in state court cannot be the subject of an evidentiary hearing because federal court "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011); *Murray v. Schriro*, 745 F.3d 984, 999-1000 (9th Cir. 2014). A federal court may hold an evidentiary hearing on whether a petitioner has an adequate excuse for the default of a constitutional claim; however, such a hearing is not necessary "if the court determines as a matter of law that [the petitioner] cannot satisfy the standard." *Clark v. Lewis*, 1 F.3d 814, 820 (9th Cir. 1993).

Hence, for the following reasons, an evidentiary hearing is not necessary to decide whether Claims 1, 2, 3, 4(a)-(d), 5, and 6 are cognizable or procedurally defaulted. The current record supports summary dismissal of all of these claims as a matter of law. Therefore, Petitioner's Request for an Evidentiary Hearing will be denied.

2. **Respondent's Motion for Partial Summary Dismissal**

    *A.  Standard of Law Governing Summary Dismissal*

The Rules Governing § 2254 Cases ("Habeas Rules") permit summary dismissal of a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice,

"that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

### B. *Claim 3 is Not Cognizable on Federal Habeas Review*

Claim 3 alleges civil rights violations. Petitioner contends that he was subjected to excessive force and unconstitutional pretrial punishment and retaliation while he was incarcerated at the Ada County Jail. However, because such claims do not lie at "'the core of habeas corpus,' [they] may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), and *Skinner v. Switzer*. 562 U.S. 521, 535 n.13 (2011)). Therefore, Claim 3 is not cognizable in this action and must be dismissed.

Respondent also contends that Claims 5 and 6 are not cognizable because they do not identify a federal basis for relief. It is correct that these claims do not explicitly rely on federal law, but these claims can be construed as asserting due process or equal protection violations under the Fourteenth Amendment. Therefore, the Court will assume that these claims are cognizable and move on to its procedural default analysis.

### C. Claims 1, 2, 4(a)-(d), 5, and 6 Are Subject to Dismissal as Procedurally Defaulted

#### i. Procedural Default Standards of Law

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can consider relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, and fairly present all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In Idaho, where there is the possibility of discretionary review in the highest appellate court, the petitioner must have presented all of his federal claims at least in a petition seeking review before that highest court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

**MEMORANDUM DECISION AND ORDER - 8**

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Examples of procedurally defaulted claims include when a petitioner: (1) has completely failed to raise a claim before the Idaho courts; (2) has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

    ii. <u>Claims 1, 2, 4(a)-(d), 5, and 6 Are Procedurally Defaulted</u>

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. On direct appeal, Petitioner argued only that his sentence was excessive and that the trial court abused its discretion in denying Petitioner's motion for reduction of sentence. (State's Lodging B-1.) Neither of these claims is raised in the Amended Petition.

**MEMORANDUM DECISION AND ORDER - 9**

On appeal from the denial of Petitioner's post-conviction petition, Petitioner argued only that he pleaded guilty because of his attorney's advice that local racial prejudice would make it futile to present a defense to the charges against him. (State's Lodging C-2.) That claim is presented in Claim 4(e) of the Amended Petition.

Although Petitioner pursued two other state court appeals with respect to the denial of his multiple motions for reduction of sentence and to withdraw his plea, neither of those appeals were fairly presented to the Idaho Supreme Court. The first was dismissed prior to briefing based on Petitioner's failure to comply with the state-law requirement that he pay for the preparation of the Clerk's record. (State's Lodging D-2; D-3.) Petitioner does not argue that the state law requirement is not adequate and independent.

Petitioner's other appeal resulted in an affirmance by the Idaho Court of Appeals, but after that decision Petitioner did not file a petition for review in the Idaho Supreme Court—a required step in the exhaustion process. *See O'Sullivan*, 526 U.S. at 847. Because it is now too late to do so, any of his current claims that were raised in that appeal are procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

      iii.    <u>Petitioner Has Not Established an Adequate Excuse for the Procedural Default of Claims 1, 2, 4(a)-(d), 5, or 6</u>

The Court's conclusion that Claims 1, 2, 4(a)-(d), 5, and 6 are procedurally defaulted does not end the inquiry. If a claim is procedurally defaulted, a federal court can still consider the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default,

**MEMORANDUM DECISION AND ORDER - 10**

see *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

Petitioner has filed numerous briefs in opposition to Respondent's Motion for Summary Dismissal (*see* Dkts. 64, 65, 67, 71, and 75), but none contains an argument that cause and prejudice exist to excuse the default of his claims. Petitioner does, however, contend that he is actually innocent.

In the context of the miscarriage-of-justice exception, actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080,

1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This extremely demanding standard "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). The court must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

When a district court is considering an actual innocence gateway argument, it has the discretion to assess the reliability and probative force of the petitioner's proffer, including making some credibility determinations, if necessary. *Schlup*, 513 U.S. at 331-332. Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

Petitioner has offered no new, reliable evidence that he is actually innocent. His conclusory statements and his arguments regarding the lack of physical evidence in his

**MEMORANDUM DECISION AND ORDER - 12**

case are insufficient. Therefore, Petitioner has not established an adequate excuse for the procedural default of Claims 1, 2, 4(a)-(d), 5, and 6, and those claims will be dismissed with prejudice.

## CONCLUSION

Claim 3 is a civil rights claim that may not be brought in federal habeas corpus proceedings, and Claims 1, 2, 4(a) through 4(d), 5, and 6 are subject to dismissal as procedurally defaulted.

## ORDER

**IT IS ORDERED:**

1. The document Petitioner filed on October 26, 2016, entitled "Finding & Recommendation of Successive Review of Amended Petition for Habeas Corpus; Release on Personal Recognizance" (Dkt. 56), construed as a motion for release pending the Court's final judgment in this matter, is DENIED for the reasons stated in the Initial Review Order. (*See* Dkt. 5 at 6.)

2. Petitioner's Request for Evidentiary Hearing (Dkt. 68) is DENIED.

3. Petitioner's Request for Habeas Relief (Dkt. 71), construed as a request for relief on the merits of Claims 1, 2, 3, 4(a) through (d), 5, and 6, is DENIED.

4. Respondent's Motion for Partial Summary Dismissal (Dkt. 61) is GRANTED. All of the claims in the Amended Petition—with the exception of Claim 4(e)—are DISMISSED with prejudice.

**MEMORANDUM DECISION AND ORDER - 13**

5. Respondent's Motion to Strike (Dkt. 76) is MOOT.

6. Respondent shall file an answer to the remaining claim **within 60 days** of the date of this Order. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer and brief. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case will be deemed ready for a final decision.



DATED: **June 21, 2017**

Honorable Ronald E. Bush
United States Magistrate Judge